IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHEN GALLO, )
)
        Plaintiff, )
)
vs. ) No. 04 C 7965
)
HOMELITE CONSUMER PRODUCTS, )
a division of TechTronic Industries Co., )
Ltd; and JOHN DEERE CONSUMER )
PRODUCTS, INC., TECHTRONIC )
INDUSTRIES CO., LTD., a Hong Kong )
corporation, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen Gallo brought this product liability action against Homelite Consumer Products (Homelite), John Deere Consumer Products, Inc. (John Deere), and TechTronic Industries Co. Ltd. (TechTronic) for negligence, strict liability, and breach of express and implied warranties pursuant to both state law and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* Plaintiff's complaint, filed in the Circuit Court of Cook County, alleges that plaintiff suffered severe burns over 60% of his body due to the use of a defective gasoline-powered weed trimmer. Defendants removed the action to federal court, and plaintiff now moves to remand. Plaintiff's motion is granted.

Plaintiff filed his original complaint against Homelite and John Deere in state court on August 10, 2004. On September 3, 2004, he filed an amended complaint alleging the same claims, but added TechTronic as a defendant. Defendants filed their notice of removal on December 9, 2004. They removed this action pursuant to 28 U.S.C. § 1441, which allows

removal of any action over which federal district courts have original jurisdiction. Federal district courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1132. In their notice of removal, defendants state that diversity of citizenship exists between the parties and that plaintiff seeks more than $75,000 in damages. Plaintiff does not contest that diversity jurisdiction exists. However, he argues that the case must be remanded because defendants' notice of removal was untimely.

Removal is governed by 28 U.S.C. § 1446[1], which provides that a defendant may file a notice of removal within thirty days of receiving a copy of the complaint, or if the case is not removable based on the complaint, within thirty days of receiving a pleading, motion, order, or other document that establishes the case is removable. In the Northern District of Illinois, Local Rule 81.2[2] also governs removal in certain circumstances. In light of the fact that Illinois

---

[1] 28 U.S.C. 1446(b) states in part:
The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

[2] Local Rule 81.2 states, in part:
Where one or more defendants seek to remove an action from an Illinois state court based upon diversity of citizenship, and where the complaint does not contain an express *ad damnum*, as to at least one claim asserted by at least one plaintiff, in an amount exceeding the jurisdictional amount in controversy, exclusive of interest and costs, specified in 28 U.S.C. § 1332 (the "jurisdictional amount") that is based on express allegations in that claim in conformity with that *ad damnum*, the notice of removal shall include in addition to any other matters required by law:
(1) a statement by each of the defendants previously served in the state court action that it is his, her or its good faith belief that the amount in controversy exceeds the jurisdictional amount; and
(2) with respect to at least one plaintiff in the Illinois action, either—
    (A) a response by such plaintiff to an interrogatory or interrogatories (see Ill.S.Ct. Rule 213) as to the amount in controversy, either (i) stating that the damages actually sought by that plaintiff exceed the jurisdictional amounts or (ii) declining to agree that the damage award to that plaintiff will in no

state court pleading rules disallow plaintiffs from specifying exact damages in personal injury actions, except to the minimum extent necessary to satisfy the jurisdictional requirements of the state courts, 735 ILCS 5/2-604; Campbell v. Bayou Steel Corp., 338 F.Supp.2d 896, 900 (N.D.Ill. 2004), Local Rule 81.2 establishes the procedure by which a defendant seeking to remove an action from state court on the basis of diversity jurisdiction can establish the amount in question, when it is not specified by the complaint. Under the rule, where the complaint does not contain an *ad damnum* clause seeking in excess of $75,000, a defendant must submit an affidavit stating its good faith belief that damages meet the federal jurisdictional requirement, and a response to an interrogatory or an admission from plaintiff stating that damages sought meet the requirement (or at least declining to agree that under no circumstances will damages meet or exceed the jurisdictional requirement). The plaintiff's interrogatory response or admission serves as notification that the case is removable, triggering the defendant's thirty-day time limit to remove.

Plaintiff's complaint stated only that he sought damages in excess of $50,000, the jurisdictional requirement for the Law Division of the Circuit Court of Cook County. On November 29, 2004, defendants served a request for admission upon plaintiff seeking confirmation that his action sought relief in excess of $75,000. They received plaintiff's

---

event exceed the jurisdictional amount; or
(B) an admission by such plaintiff in response to a request for admissions (*see* Ill.S.Ct. Rule 216(a)), or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request (*see* Ill.S.Ct. Rule 216(c)), in either event conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.
Receipt by the removing defendant or defendants of the response by a plaintiff referred to in subparagraph (2)(A) or of the admission by a plaintiff referred to in paragraph (2)(B), or the occurrence of the event giving rise to a deemed admission by a plaintiff referred to in subparagraph (2)(B) shall constitute the receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. 1446(b).

admission on December 3, 2004, that the amount in controversy was greater than $75,000. Six days later they filed their notice of removal. Defendants complied with Local Rule 81.2 by submitting affidavits in state court attesting to their good faith belief that damages sought in this case meet the federal jurisdictional requirement and by submitting in federal court plaintiff's admission that he was seeking in excess of $75,000.

Defendants' notice of removal was filed well over three months after they learned of plaintiff's complaint, but less than a week after they received plaintiff's admission that the amount in controversy meets the federal jurisdictional requirement. Thus, the timeliness of defendants' removal depends on whether the thirty-day limit began to run upon notice of the complaint or upon notice of plaintiff's admission.

Plaintiff argues that his complaint stated a removable action and thus defendants only had thirty days from receiving notice of the action to remove it. He maintains that since the complaint states six claims, each seeking in excess of $50,000, defendants knew that the complaint sought, in the aggregate, more the $75,000 in damages. Defendants counter that plaintiff's claims cannot be aggregated to meet the jurisdictional requirement because they are merely alternative legal theories to recover for the same injury.

A plaintiff is allowed to aggregate two or more of his claims against a defendant in order to satisfy the jurisdictional amount requirement. Snyder v. Harris, 394 U.S. 332, 335 (1969); Herremans v. Carrera Designs, Inc., 157 F.3d 1118, 1121 (7th Cir. 1998). However, where two or more claims are alternative theories of recovery for the same harm, they may not be aggregated. Suber v. Chrysler Corp., 104 F.3d 578, 588 (3d Cir. 1997); Holmes v. Boehringer Ingelheim Pharmaceuticals, Inc., 158 F.Supp.2d 866 (N.D.Ill. 2001). A plaintiff "may have only one satisfaction for an injury, regardless of whether multiple theories of recovery are

sought for that injury." Holmes, 158 F.Supp.2d at 868 (quoting Kipnis v. Meltzer, 253 Ill.App.3d 67, 68, 625 N.E.2d 320, 322 (1st Dist. 1993); *other citations omitted*). All of plaintiff's claims seek to recover for the same personal injuries that he suffered as a result of the allegedly defective weed trimmer.

In Holmes, the court found that the claims for relief under two different counts could not be aggregated to meet the jurisdictional requirement, where "[t]he injury alleged and relief sought in both counts [were] the same." 158 F.Supp.2d at 868. Though plaintiff is correct that tort claims such as negligence and strict liability serve a different purpose than contract-based claims such as breach of warranty, in plaintiff's case all claims seek the exact same damages for the same personal injury. Plaintiffs' warranty claims, just like his tort claims, seek damages for his personal injury. It would be improper to aggregate these requests for relief, which seek compensation for the same harm. *Compare* Hill v. United Insurance Co. of America, 998 F.Supp. 1333, 1337 (M.D.Ala. 1998)("As clear as it is that a plaintiff may recover both in contract and tort for the same events, it is also clear that a plaintiff may not get a 'double recovery' .... [W]hatever items of damage are compensated for as damage resulting from the breach of contract may not also be compensated for as damages in a tort claim."), *with* Connolly v. Volvo Trucks North America, Inc., 208 F.R.D. 600, 601 (N.D.Ill. 2002)(aggregating the *ad damnum*'s of plaintiff's three claims because each claim asserted its own basis for compensation – Count I sought damages for decedent's pain and suffering prior to death, Count II sought damages for survivors' pecuniary loss due to decedent's death, and Count III sought damages for medical and funeral expenses as a result of decedent's death).

Nonetheless, we still find that defendants' removal was untimely. Along with several other courts in the Northern District of Illinois, we find that Local Rule 81.2 does not allow a

defendant to circumvent the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not explicitly stated in its *ad damnum* clause. As explained above, in keeping with Illinois state court pleading rules, plaintiff's *ad damnum* clause requested in excess of $50,000. This request did not foreclose the possibility that the amount in controversy met the federal jurisdictional requirement, nor did it explicitly confirm it. However, a reasonable reading of the allegations of the complaint does make clear that more than $75,000 is at issue. The complaint states that plaintiff suffered "severe burns to 60% of his body" as well as other "severe and permanent injuries of a personal and pecuniary nature." Plaintiff's alleged injuries resulted in "extensive hospitalization and medical treatment, great pain . . . disability, disfigurement." Plaintiff contends that he will be permanently hindered from working and will be "liable for large sums of money for the care and treatment of his injuries on an ongoing and permanent basis." No reasonable reading of these allegations could lead to the conclusion that plaintiff seeks less than $75,000 in damages. In a removal action based on diversity jurisdiction, a defendant must demonstrate a "reasonable probability" that the court has jurisdiction. Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993). The allegations in plaintiff's complaint provide a "reasonable probability" that the amount in controversy exceeds $75,000.

There is a split among courts in this district as to whether defendants may apply Local Rule 81.2 to complaints, like this one, which do not explicitly request more than $75,000 in damages, but do contain allegations that, if proven, will result in an award over that sum. *See* McCoy v. General Motors Corp., 226 F.Supp.2d 939, 941 (N.D.Ill. 2002)(finding that complaint lacking an *ad damnum* clause seeking in excess of $75,000 can still be removable on the basis of diversity jurisdiction if the allegations make it obvious plaintiff seeks more than $75,000 in

damages); Campbell v. Bayou Steel Corp., 338 F.Supp.2d 896, 902 (N.D.Ill. 2004); *but see* Turner v. The Goodyear Tire & Rubber Co., 252 F.Supp.2d 677, 680 (N.D.Ill. 2003)(finding that when a complaint lacks an *ad damnum* clause seeking in excess of $75,000, a defendant is on notice that the amount in question meets the federal jurisdictional requirement "only after the plaintiff makes an explicit statement to that effect."); Zeedyk v. Federal Express Corp., 2004 WL 417202 at *2 (N.D.Ill. 2004).

We agree with the finding in McCoy and Campbell that Local Rule 81.2 contravenes the purpose of the federal removal statute's thirty-day time limit when applied to complaints that do not contain an *ad damnum* seeking the federal jurisdictional requirement, but do contain allegations from which it may be reasonably ascertained that the amount in controversy meets the requirement. Applying Local Rule 81.2 to all complaints that lack an appropriate *ad damnum* allows defendants to circumvent the thirty-day limit for removal by serving plaintiff with an interrogatory or a request for admission, even when these are unnecessary to determine whether the amount in controversy is in excess of $75,000, given the complaint allegations. In considering the limitations of Local Rule 81.2, the Seventh Circuit has stated that "[r]emoval is proper if the defendant's estimate of the stakes is plausible; plaintiffs can't prevent removal by refusing to concede that the controversy exceeds the jurisdictional minimum." Rubel v. Pfizer Inc., 361 F.3d 1016, 1020 (7th Cir. 2004). Considering the allegations in plaintiff's complaint, it was not just plausible, but clear that the amount at stake exceeded $75,000. Furthermore, if a plaintiff cannot prevent removal by refusing to concede that the jurisdictional minimum is met where a reasonable reading of the complaint indicates that it is, there is no reason to allow a defendant in such cases to delay removal until it has received the plaintiff's confirmation or denial.

While we grant plaintiff's motion to remand, we deny his request for attorney's fees. An order to remand may require payment of just costs and actual expenses, including attorney's fees incurred due to the removal. 28 U.S.C. § 1447(c). The decision to award attorney's fees rests in the court's discretion. Given the conflicting case law and ongoing disagreement in this district regarding the applicability of Local Rule 81.2 under these circumstances, we decline to award fees.[3]

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is granted and his request for attorney's fees is denied.

                                                                                         JAMES B. MORAN
                                                                                         Senior Judge, U. S. District Court

Feb. 14, 2005.

---

[3] Though neither party addresses the impact of plaintiff's two claims under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*, on federal jurisdiction, in anticipation of any future arguments, we devote a footnote to the issue. These federal claims do not provide the court with federal question jurisdiction, because federal courts only have jurisdiction over Magnuson-Moss claims in excess of $50,000. 15 U.S.C. § 2310(d)(3)(B) ("No claim shall be cognizable in a suit brought under [this Act] . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit."). In determining whether the $50,000 minimum has been met for claims under § 2310(d), courts do not consider alleged personal injuries stemming from a breach of warranty. *See e.g.*, Voelker v. Porsche Cars North America, Inc., 353 F.3d 516 (7th Cir. 2003)("[P]ersonal injury claims based on a breach of warranty are not cognizable under the Magnuson-Moss Act."); Boelens v. Redman Homes, 748 F.2d 1058, 1065-66 (5th Cir. 1984); Sanks v. Pake-Davis, 2000 WL 33910097 at *3 (M.D.Ala. 2000). All of plaintiff's alleged damages under his two Magnuson-Moss claims stem from his personal injuries, thus none is counted toward the threshold requirement. Nor do courts consider relief sought under plaintiff's state law claims when determining whether the Magnuson-Moss jurisdictional requirement is satisfied. Marchionna v. Ford Motor Co., 1995 WL 476591 at *7 (N.D.Ill. 1995)("The Seventh Circuit has yet to address the question of consolidation, but every court that has examined this issue in any detail has concluded that state claims may not be counted toward Magnuson-Moss' jurisdictional threshold."). Therefore, the court does not have federal jurisdiction over these claims.